

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-42,585-05 & -06

**EX PARTE RANDY LEE BARNETT, Applicant**

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 1991CR4815-W2 & 1991CR5622-W2 IN THE 144TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of burglary of a habitation and sentenced to twenty-eight years' imprisonment on each count. He did not appeal convictions.

Applicant contends, among other things, that he was denied due process when his parole was revoked. The trial court found that Applicant waived his right to a hearing and acknowledged violating Rules #1 (failure to report), #3 (failure to reside in an approved place), #9C (failure to pay all fines, court costs, and supervision fees), and #8S (failure to participate in a treatment program).

The trial court also concluded that the decision to revoke a parolee remains within the sound discretion of the Board of Pardons and Paroles. It recommended that we deny relief.

We believe the record is not sufficient to resolve Applicant's claim. The trial court shall order the District Clerk to forward a copy of the parole revocation proceeding.

These applications will be held in abeyance. A supplemental record containing a copy of the parole revocation proceeding shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: October 15, 2014
Do not publish